UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REBECCA PERTA,

    Plaintiff,

v.

TRICOCI UNIVERSITY OF BEAUTY CULTURE, LLC,

    Defendant.

## COMPLAINT AT LAW

Plaintiff Rebecca Perta, by and through her attorneys, Caffarelli & Siegel Ltd., for her Complaint at Law against Defendant Tricoci University of Beauty Culture, LLC ("TUBC"), states as follows:

## NATURE OF THE CASE

1. This lawsuit is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq*. (USERRA) for Defendant's unlawful termination of Plaintiff due to her military status.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to 38 U.S.C. § 4323 and 28 U.S.C. § 1331.

3. Defendant's corporate headquarters is in Oak Brook, Illinois, in this judicial district. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(c) and 38 U.S.C. § 4323(c).

## PARTIES

4. Plaintiff resides and is domiciled in Chicago, Illinois in this judicial district. Plaintiff was an "employee" of Defendant as defined by USERRA, 38 U.S.C. § 4303(3).

5. During her employment, Plaintiff was a reserve duty member of the United States Army National Guard, which qualified her as a member of the "uniformed services" pursuant to USERRA, 38 U.S.C. § 4303(16).

6. Defendant is an "employer" as defined by USERRA, 38 U.S.C. § 4303(4).

## FACTUAL ALLEGATIONS

7. Plaintiff Rebecca Perta began working for Defendant in or around March 2010 as a Student Services Coordinator.

8. Plaintiff was in the Reserves for the United States Army National Guard during her employment with Defendant.

9. At the time Plaintiff enrolled in the Reserves, she notified Defendant of her enrollment and that she may be ordered to serve and/or attend training sessions.

10. In November 2013, Defendant promoted Plaintiff to the position of Student Success Advisor. Concurrently with the promotion, Defendant transferred Plaintiff to its Highland, Indiana campus.

11. Following her transfer and promotion, and for the first time in her employment with Defendant, Plaintiff's supervisor was Ross Bravo, Chief Operating Officer.

12. In December 2013, Plaintiff requested and took leave pursuant to her rights under USERRA.

13. Prior to December 2013, Plaintiff had never taken USERRA leave while working under Bravo's supervision.

14. On December 12, 2013, Katie Pohlman, Executive Director of Student Operations, verbally disciplined Plaintiff regarding Plaintiff's alleged violation of Defendant's policy regarding confidentiality of student information.

15. On December 12, 2013, Bravo learned of Plaintiff's alleged policy violation.

16. After verbally disciplining Plaintiff on December 12, 2013, Pohlman stated that she would follow up with Plaintiff on the matter the following week.

17. Pohlman never followed up with Plaintiff on the matter.

18. On the morning of January 7, 2014, Plaintiff informed Bravo that she would be absent on January 10 and 11 in order to attend training sessions to fulfill her National Guard obligations.

19. Upon learning of Plaintiff's impending USERRA-protected absence, Bravo stated that Plaintiff was "always doing this Army thing," or words to that effect.

20. On the afternoon of January 7, 2014, Bravo decided to terminate Plaintiff's employment, but did not inform her of the decision until January 18, 2014.

21. On January 18, 2014, Bravo terminated Plaintiff's employment with Defendant.

22. The only reason Defendant offered for Plaintiff's termination was her alleged breach of student confidentiality more than one month earlier.

## **COUNT I – UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT**

23. Plaintiff incorporates each of the preceding paragraphs as though fully set forth herein.

24. Plaintiff's leave in December 2013 and January 2014 was "service in the uniformed services" as defined by USERRA, 38 U.S.C. § 4303(13).

25. Plaintiff's military status was a discriminatory, motivating factor in Defendant's decision to terminate her, in violation of USERRA, 38 U.S.C. § 4311.

26. Defendant's stated reason for terminating Plaintiff is pretext.

27. Defendant's violation of USERRA was willful.

28. As a direct and proximate result of Defendant's behavior, Plaintiff has been damaged through lost wages and benefits she should have received from her employment with the Company.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendant and enter an Order requiring Defendant to:

A. Pay to Plaintiff her wages lost as well as the value of the loss of her employee benefits, with prejudgment interest pursuant to 38 U.S.C. § 4323;

B. Pay to Plaintiff liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C);

C. Pay to Plaintiff attorneys' fees and costs pursuant to 38 U.S.C. § 4323(B)(h)(2); and

D. Grant any further relief as this Court may deem appropriate and just.

Dated: June 19, 2014	Respectfully submitted,

Alejandro Caffarelli, #06239078	REBECCA PERTA
Madeline K. Engel, #06303249
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150	By: /s/ Alejandro Caffarelli
Chicago, IL 60601	    Attorney for Plaintiff
Tel. (312) 540-1230

**JURY DEMAND**

Plaintiff demands a jury to hear and decide all issues of fact.


By: /s/ Alejandro Caffarelli
    Attorney for Plaintiff